**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **CITY OF SULPHUR SPRINGS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MIAMI-DADE STEEL, LLC D/B/A MIAMA STEEL, MICHAEL COX, SHANA COX, and DARREN HALLMAN,**<br><br>**Defendants.** | **Case No. _____________**<br><br>*Removed from Case # CV45833*<br>*62nd Judicial District of Hopkins County* |

**NOTICE OF REMOVAL**

Defendants Michael and Shana Cox ("Cox Defendants") remove this action from the District Court of Hopkins County, 62nd Judicial District, State of Texas, to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, the Cox Defendants state as follows:

1. On May 6, 2025, Plaintiff City of Sulphur Springs filed the Petition in the District Court of Hopkins County, 62nd Judicial District, State of Texas, captioned *City of Sulphur Springs v. Miami-Dade Steel, LLC et al.*, Cause No. CV45833 (the "Action"). **Ex. 1**, Petition.

2. The Petition purports to state claims against Defendant Michael Cox for common law fraud, fraud by non-disclosure, statutory fraud, tortious interference of business relationship, and tortious interference of contractual rights, civil conspiracy, business disparagement, malicious prosecution and abuse of process, joint enterprise, gross negligence, punitive damages, and exemplary damages related to a dispute involving a

letter of intent (LOI) with an entity named Delphi DC, LLC. *See* **Ex. 1,** Pet. ¶¶ 13–63. The petition also purports to include Defendant Shana Cox in the causes of action related to fraud, civil conspiracy, joint enterprise, and gross negligence. *See* **Ex. 1,** Pet. ¶¶ 22–37, 48–52, 59–63.

3. The Petition in this Action is attached as **Exhibit 1**. A Letter to Clerk filed with the Petition is attached as **Exhibit 2**. The citation for personal service addressed to Michael Cox, which was served on November 13, 2025, is attached as **Exhibit 3**. A certified copy of the Docket Sheet, Hopkins County, 62nd Judicial District, Cause No. CV45833, is attached as **Exhibit 4** (as of November 24, 2025). The Cox Defendants are unaware of the existence of any process, pleadings, hearings, or orders relating to them other than the documents included in Exhibits 1–3.

4. The document identified on the docket as "Green Card Return (Miami Dade Steel)" is attached as **Exhibit 5**.

5. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because the Cox Defendants have satisfied the procedural requirements for removal and this Court has subject-matter jurisdiction under 28 U.S.C § 1332(a)(1).

## I. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

6. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a)(1) because this is a civil action (1) between citizens of different states, and (2) the amount in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs. This action may thus be removed to this Court by Defendant under 28 U.S.C. § 1441(a).

**A. Complete diversity of citizenship exists between Plaintiff and Defendants.**

7. Plaintiff states that it is a sovereign home-rule Texas city. **Ex. 1**, Pet. ¶ 2.

8. Plaintiff states that individual defendants Michael Cox and Shana Cox are residents of the state of Florida. **Ex. 1**, Pet. ¶¶ 5, 7. Plaintiff states that individual defendant Darren Hallman is a resident of the state of New York. **Ex. 1**, Pet. ¶ 9.

9. Plaintiff states that Defendant Miami-Dade Steel, LLC is a corporation organized under the laws of the state of Delaware, and it identifies Julio Jiminez (*sic*), Gustavo Lopez, Juanita Lopez, Robert Soper, and Brett Tolman as members and/or officers. **Ex. 1**, Pet. ¶ 3. "[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Mr. Soper, Mr. Gimenez, Mr. Lopez, and Ms. Lopez are citizens of Florida, and Mr. Tolman is a citizen of Utah. **Ex. 6**, Cox Declaration. The Cox Defendants are not aware of any members of Miami-Dade Steel LLC who are citizens of Texas. *Id.*

10. Based on Plaintiff's petition, Plaintiff is a citizen of Texas, and Defendants are citizens of Florida, New York, and Utah. Upon information and belief, there are no members of Miami-Dade Steel LLC who are citizens of Texas. Therefore, complete diversity exists as between Plaintiff and Defendants.

**B. The amount in controversy requirement is satisfied.**

11. Plaintiff seeks recovery of an amount in excess of $75,000.00. *See* **Ex. 1**, Pet. ¶ 12 ("Specifically, Plaintiff seeks relief from Defendants in an amount exceeding $1,000,000.00.").

12. In addition, Plaintiff seeks punitive damages, as well as attorneys' fees and costs. *See* **Ex. 1**, Pet. at pp. 12, 14.

13. The Petition therefore demonstrates that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

## II. Defendant has satisfied the procedural requirements for removal.

14. The Petition was filed on May 6, 2025. It was served on the Cox Defendants on November 13, 2025. Because this Notice of Removal is being filed within thirty days of service of the petition, it is timely under 28 U.S.C. § 1446(b).

15. Under 28 U.S.C § 1446(a), the U.S. District Court for the Eastern District of Texas is the appropriate court for filing this Notice of Removal from the District Court of Hopkins County where the Action was pending. *See* 28 U.S.C. § 124(c)(3).

16. Under 28 U.S.C § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." However, the "consent requirements of § 1446(b) . . . do not apply to defendants who have not been served with process." *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 850 (E.D. Tex. 2012) (citation omitted). "Thus, a defendant who has not been properly served need not consent to removal." *Id.*

17. None of the other defendants in the Action have been properly served. The docket in the state court proceeding shows only a green card return for Miami-Dade Steel.

*See* **Ex. 4**, Docket. This cannot be proper service for at least two reasons. First, the green card does not show what document (if any) was attached to it. *See* Tex. R. Civ. P. 107(g) ("The return and any document to which it is attached must be filed with the court and may be filed electronically or by facsimile, if those methods of filing are available."). Second, the green card is addressed to the Corporation Trust Company located in Wilmington, Delaware. *See* **Ex. 5.** Texas law does not permit a foreign entity to designate a registered agent who is not located in the State of Texas for purposes of service of process. *Lawton Candle, LLC v. BG Personnel, LP*, 690 S.W.3d 122, 126 (Tex. App.—Dallas 2024, no pet.). Serving a registered agent in another state is invalid under Texas law. *See Rogers v. Tezeno*, No. 1:25-cv-66, 2025 WL 2933071, at *5 (E.D. Tex. Oct. 14, 2025). As such, the state court docket does not show that any of the other defendants have been properly served.

18. Because the Cox Defendants are the only defendants in the Action who have been properly served, there are no other defendants who must join or consent to removal. See *Tilley*, 914 F. Supp. 2d at 850.

19. Under 28 U.S.C. § 1446(d), the Cox Defendants certify that they will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will likewise file a copy of this Notice of Removal with the Clerk of the District Court of Hopkins County, Texas.

20. The Cox Defendants reserve the right to amend or supplement this Notice of Removal as allowed by law.

21. The Cox Defendants further reserve all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as their time to

answer, move against, or otherwise respond to Plaintiff's Petition pursuant to Rule 81(c)(2).

**III. Information required by Local Rule CV-81.**

22. Pursuant to Local Civil Rule 81(c)(1), the parties in this case are the City of Sulphur Springs (plaintiff), Miami-Dade Steel, LLC d/b/a Miama (*sic*) Steel (defendant), Michael Cox (defendant), Shana Cox (defendant), and Darren Hallman (defendant). The current status of the case is pending.

23. Pursuant to Local Civil Rule 81(c)(2), a civil cover sheet and certified copy of the state court docket sheet (**Exhibit 4**) are being filed with this Notice. The Cox Defendants have provided a copy of all pleadings that assert causes of action (**Exhibit 1**) and a copy of process (**Exhibit 3**) served upon them.

24. Pursuant to Local Civil Rule 81(c)(3), plaintiff is represented by Nate Smith, TX bar number 24088441, Office of the City Attorney, City of Sulphur Springs. Mr. Smith's address is 201 N. Davis Street, Sulphur Springs, TX 75482, and his phone number is (903) 439-3000. The Cox Defendants are represented by Richard Roper and Richard Guiltinan of Vartabedian Hester & Haynes LLP. Their contact information is in the signature block below.

25. Pursuant to Local Civil Rule 81(c)(4), the petition does not appear to include a jury demand.

26. Pursuant to Local Civil Rule 81(c)(5), the name of the court from which the case was removed is the District Court of Hopkins County, 62nd Judicial District, State of Texas. Its address is 118 Church Street, Sulphur Springs, TX 75482.

WHEREFORE, the Cox Defendants remove this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invoke this Court's jurisdiction.

Dated: December 5, 2025

Respectfully submitted,

**VARTABEDIAN HESTER & HAYNES LLP**

By: */s/ Richard B. Roper*

Richard B. Roper
Texas Bar No. 01723370
richard.roper@vhh.law
Richard J. Guiltinan
Texas Bar No. 24074332
richard.guiltinan@vhh.law
2200 Ross Avenue, Suite 4600E
Dallas, Texas, 75201
469.654.1340

**COUNSEL FOR DEFENDANTS MICHAEL COX AND SHANA COX**

## CERTIFICATE OF SERVICE

I certify that I have filed this document using the Court's ECF system, and that a true and correct copy of the foregoing document has been served on counsel of record through the ECF system. Pursuant to 28 U.S.C. § 1446(d), I will give written notice of the filing of this Notice of Removal to Plaintiff and will likewise file a copy of this Notice of Removal with the Clerk of the District Court of Hopkins County, Texas.

*/s/ Richard B. Roper*
Richard B. Roper