**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **CITY OF SULPHUR SPRINGS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MIAMI-DADE STEEL, LLC D/B/A MIAMA STEEL, MICHAEL COX, SHANA COX, and DARREN HALLMAN,**<br><br>**Defendants.** | **Case No. 4:25-cv-01337-JCB** |

**THE COX DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)**

# TABLE OF CONTENTS


I. FACTUAL AND PROCEDURAL BACKGROUND .......... 6

A. Allegations Against Michael Cox .......... 6

B. Allegations Against Shana Cox .......... 7

C. Procedural History .......... 7

II. STATEMENT OF THE ISSUES .......... 8

III. ARGUMENT AND AUTHORITIES .......... 8

A. Legal Standard .......... 8

B. Since Plaintiff did not plead its fraud claims with particularity, they should be dismissed. .......... 9

1. Plaintiff's common law fraud claim fails to satisfy Rule 9(b)'s requirements, and it also lacks a plausible factual basis. .......... 9

2. Plaintiff's fraud by nondisclosure claim does not identify a duty of disclosure and fails to satisfy the pleading requirements. .......... 12

3. Plaintiff's statutory fraud claim fails for multiple, independent reasons. .......... 13

C. Plaintiff's remaining claims are either deficient as a matter of law or too conclusory to state a claim (or both). .......... 14

1. Plaintiff's gross negligence claim fails to identify a duty of care and fails to plead a sufficient factual basis. .......... 15

2. Plaintiff's claim for tortious interference of business relationship fails as a matter of law. .......... 17

3. Plaintiff's claim for tortious interference with contractual rights does not identify an enforceable contract subject to interference. .......... 20

4. Plaintiff's business disparagement claims are conclusory and precluded by the judicial proceedings privilege. .......... 21

5. Plaintiff's malicious prosecution and abuse of process claims are deficient. .......... 22

6. Plaintiff's civil conspiracy and joint enterprise claims fail for multiple reasons. .......... 24

IV. CONCLUSION .......... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Absolute Res. Corp.*,
76 F. Supp. 2d 723 (N.D. Tex. 1999) ....................20

*Allen v. Walmart Stores, LLC*,
907 F.3d 170 (5th Cir. 2018) ....................9

*Allison v. J.P. Morgan Chase Bank, N.A.*,
No. 1:11-CV-342, 2012 WL 4633177 (E.D. Tex. Oct. 2, 2012) ....................25

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................9, 11, 13, 24

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................8, 13

*Benchmark Electronics, Inc. v. J.M. Huber Corp.*,
343 F.3d 719 (5th Cir. 2003) ....................9

*Berry v. Lee*,
428 F. Supp. 2d 546 (N.D. Tex. 2006) ....................25

*BHL Boresight, Inc. v. Geo–Steering Solutions, Inc.*,
No. 4:15–CV–00627, 2016 WL 8648927 (S.D. Tex. Mar. 29, 2016) ....................18, 19, 20, 21

*Big Thirst, Inc. v. Donoho*,
657 F. Supp. 3d 914 (W. D. Tex. 2023)....................10, 13, 24

*Biggers v. BAC Home Loans Servicing, LP*,
767 F. Supp. 2d 725 (N.D. Tex. 2011) ....................17

*Brewster v. Dretke*,
587 F.3d 764 (5th Cir. 2009) ....................25

*Burbank v. Compass Bank*,
No. 1:15-CV-60, 2016 WL 3618691 (E.D. Tex. Mar. 29, 2016) ....................12

*Calogero v. Shows, Cali & Walsh, LLP*,
970 F.3d 576 (5th Cir. 2020) ....................8

*Cantu v. Guerra*,
No. SA-20-CV-0746-JKP-HJB, 2021 WL 2652933 (W.D. Tex. June 28, 2021) ....................24

*Charles v. K-Patents, Inc.*,
No. 1:17-CV-339, 2018 WL 9869532 (E.D. Tex. Aug. 10, 2018)..............................15, 16, 17

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
565 F.3d 200 (5th Cir. 2009) ..........................................................................................10

*Herrmann Holdings, Ltd. v. Lucent Techs. Inc.*,
302 F.3d 552 (5th Cir. 2002) ..................................................................................9, 10, 14

*Mora v. Univ. of Tex. Sw. Med. Ctr.*,
469 F. App'x 295 (5th Cir. 2012) ......................................................................................13

*Nix v. MLB*,
62 F.4th 920 (5th Cir.), *cert. denied*, 144 S. Ct. 165, 217 L. Ed. 2d 62 (2023).......................18

*Schouest v. Medtronic, Inc.*,
92 F. Supp. 3d 606 (S. D. Tex. 2015) ...............................................................11, 15, 16

*Sewell v. Monroe City Sch. Bd.*,
974 F.3d 577 (5th Cir. 2020) ............................................................................................8

*Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*,
607 F.3d 1029 (5th Cir. 2010) ..........................................................................................12

*Spark Connected, LLC v. Semtech Corp.*,
502 F. Supp. 3d 1131 (E.D. Tex. 2020)..............................................................................21

*Sport Supply Group, Inc. v. Columbia Cas. Co.*,
335 F.3d 453 (5th Cir. 2003) ..........................................................................................16

*Strickland v. Bank of New York Mellon*,
838 F. App'x 815 (5th Cir. 2020) ......................................................................................14

*Teel v. Deloitte & Touche LLP*,
No. 3:15-CV-2593-G, 2015 WL 9478187 (N.D. Tex. Dec. 29, 2015)..................................22

*In re Tex. Dept. of Transp.*,
218 S.W.3d 74 (Tex. 2007)...............................................................................................25

*Texas Beef Cattle Co. v. Green*,
921 S.W.2d 203 (Tex. 1996)..............................................................................................23

**Statutes**

Tex. Bus. & Com. Code § 27.01 ..........................................................................................13

**Other Authorities**

Fed. R. Civ. P. 8(a)(2).......................................................................................................11

Fed. R. Civ. P. 9(b) ........................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)...................................................................................................6, 8, 11, 25

Plaintiff City of Sulphur Springs filed this lawsuit against Defendants Michael Cox and Shana Cox (together, the "Cox Defendants") and two other defendants who have not been served. Plaintiff offers boilerplate, conclusory allegations in its Petition and fails to plead its fraud claims with particularity. The Cox Defendants therefore move to dismiss all claims asserted against them under Rule 12(b)(6).

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Allegations Against Michael Cox

This dispute relates to discussions about a potential business deal for data centers. *See* Petition (Pet.), ECF No. 4 at ¶ 15. Plaintiff alleges it "began discussions into a contractual business relationship in early 2024" with Defendant Miami-Dade Steel LLC ("Miami Steel"). *Id.* ¶ 13. The Petition emphasizes that this was a potential deal, stating that Defendant Michael Cox "negotiate[d] with Plaintiff toward the ***potential*** of a business and contractual relationship," and that "the parties entered into business discussions pertaining to the ***potential*** transferring of significant amounts of government land and contractual agreements." *Id.* (emphasis added). According to the Petition, Michael Cox introduced Plaintiff to an entity named Delphi DC, LLC, which would be "a potentially good match for Plaintiff's city." *Id.* ¶ 15.

Plaintiff alleges that it executed a letter of intent ("LOI") with Delphi. *Id.* ¶ 16. While Plaintiff purports that the LOI was "contractually binding," Plaintiff does not identify any of the LOI's terms—or even when it was signed. *See id.* Ultimately, Plaintiff terminated the LOI in October 2024. *Id.* ¶ 19. Plaintiff attributes its decision to terminate the LOI "to the threats of litigation from MICHAEL COX against DELPHI." *Id.*

Plaintiff's allegations against Michael Cox can be grouped into three categories. ***First***, Plaintiff alleges that Michael Cox did not disclose that he had a felony conviction during Plaintiff's discussions with Miami Steel. *Id.* ¶ 14. Plaintiff also complains that Michael Cox "seemed

uninterested in negotiating with Plaintiff on behalf of MIAMI STEEL" after the Delphi LOI was signed, and "those negotiations ceased." *Id.* ¶ 21. Based on this alleged conduct, Plaintiff asserts common law fraud, fraud by non-disclosure, statutory fraud, and gross negligence claims.

***Second***, Plaintiff alleges that after the LOI was signed, Michael Cox threatened to sue Delphi if it continued with a business relationship with Plaintiff. *Id.* ¶ 17. As a result of this purported conduct, Plaintiff claims that it "lost significant amounts of time in which it could have been negotiating with other entities and individuals . . ." *Id.* ¶ 19. For this conduct, Plaintiff asserts claims for tortious interference with a business relationship and tortious interference with contractual rights.

***Third,*** Plaintiff alleges that in December 2024—i.e., after Plaintiff had terminated the LOI—Defendants Michael Cox and Darren Hallman filed a lawsuit in Florida against Delphi, Plaintiff's City Manager, and two other defendants. *Id.* ¶ 20. For this conduct, Plaintiff asserts business disparagement, malicious prosecution, and abuse of process claims. And Plaintiff also includes civil conspiracy and joint enterprise in conjunction with its various claims.

### B. Allegations Against Shana Cox

The Petition contains a single allegation about Shana Cox. Plaintiff alleges: "Plaintiff later discovered that MICHAEL COX has intentionally used the name and identity of his wife, SHANA COX, instead of his own name in business ventures which he has an interest." Pet. ¶ 21. On that basis, Plaintiff's Petition includes Shana Cox as a defendant in its claims for common law fraud, fraud by non-disclosure, statutory fraud, tortious interference of business relationship, tortious interference of contractual rights, civil conspiracy, joint enterprise, and gross negligence.

### C. Procedural History

Plaintiff filed its Petition on May 6, 2025, in the District Court of Hopkins County, 62nd Judicial District, State of Texas. Plaintiff served the Cox Defendants on November 13, 2025, and

they timely removed the Petition to this Court on December 5, 2025. The other two defendants in this lawsuit have not been served.

## II. STATEMENT OF THE ISSUES

This Motion presents two overarching issues for the Court's evaluation. First, does Plaintiff plead its three fraud claims against the Cox Defendants (common law, fraud by non-disclosure and statutory fraud) with the specificity required by Federal Rule of Civil Procedure 9(b)? Second, for all claims asserted against the Cox Defendants, does the Petition contain enough well-pleaded facts to state plausible claims for relief?

The Cox Defendants respectfully submit that the answer to both questions is "No." The Court should conclude that the Petition is deficient for numerous reasons and should therefore dismiss.

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) "is not meant to resolve disputed facts or test the merits of a lawsuit." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

To survive a motion to dismiss, the plaintiff must have pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, LLP*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Courts accept "all well-pleaded facts as true" and "view[ ] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

**B. Since Plaintiff did not plead its fraud claims with particularity, they should be dismissed.**

Federal Rule of Civil Procedure 9(b) sets forth a heightened pleading standard for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party alleging fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Herrmann Holdings, Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

Plaintiff asserts three types of fraud claims—common law, fraud by non-disclosure and statutory fraud—against the Cox Defendants. As explained below, these claims fail to satisfy the particularity requirements of Rule 9(b). Moreover, Plaintiff's threadbare recitals of the elements are not enough to state a plausible claim for relief. These pleading deficiencies provide multiple reasons for the Court to dismiss Plaintiff's fraud claims.

***1. Plaintiff's common law fraud claim fails to satisfy Rule 9(b)'s requirements, and it also lacks a plausible factual basis.***

Plaintiff's common law fraud claim asserts that: "All Defendants, whether through their agent and representative MICHAEL COX, or individually each made material and false

representations to Plaintiff as described above." Pet. ¶ 23. Plaintiff's conclusory allegation fails for multiple reasons.

Foremost, Plaintiff does not comply with the Fifth Circuit requirement to specify what statement (or statements) it contends to be fraudulent. *See Herrmann*, 302 F.3d at 564–65. The Petition only identifies two alleged affirmative statements by Michael Cox to Plaintiff: (1) he "represented to Plaintiff that all such discussions and business negotiations were conducted in good faith" (Pet. ¶ 13); and (2) he communicated that he could introduce Plaintiff to another entity (Delphi) who was planning to design and build data centers (Pet. ¶ 15). Plaintiff does not say which of these two statements is supposedly fraudulent. And Plaintiff does not even allege that Shana Cox ever made any statements. According to the Petition, Shana Cox was not involved in the data center negotiations whatsoever. Because the Petition does not identify what statements by either Michael Cox or Shana Cox are supposedly fraudulent, the Court should dismiss the fraud claim. *See Big Thirst, Inc. v. Donoho*, 657 F. Supp. 3d 914, 926 (W. D. Tex. 2023) (citations omitted) (stating that fraud claims must be pleaded against each defendant with specificity, rather than through impermissible group pleading).

Nor has Plaintiff said when or where the false statements allegedly occurred. Under the Fifth Circuit's strict interpretation of 9(b), Plaintiff is required to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009). Setting aside that Plaintiff has not identified what statements it contends are false, Plaintiff does not say when or where they supposedly occurred. Nor does Plaintiff explain why these statements were supposedly fraudulent. Without these critical details, Plaintiff's fraud claim lacks the specificity required by Rule 9(b), and the Court should

therefore dismiss it. *See Schouest v. Medtronic, Inc.*, 92 F. Supp. 3d 606, 611 (S. D. Tex. 2015) (dismissing plaintiff's fraud claim because of a failure to identify the speaker of the alleged fraudulent misrepresentation and where the statements were made).

Finally, even if Rule 9(b) did not apply, Plaintiff still has not pleaded enough facts to state a plausible claim for relief. "The elements of a fraud claim are that the defendant 1) made a material representation that was false; 2) knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; 3) intended to induce plaintiff to act upon the representation; and 4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury." *Id.* (citing *Ernst & Young, LLP. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). As explained above, Plaintiff fails to plead the first element of fraud—it does not identify any allegedly fraudulent representations (or when and where they were supposedly made). But Plaintiff omits factual allegations for the other elements as well. For example, the Petition contains no well-pleaded facts to infer that the statements were made with scienter. It contains no details to support that Plaintiff actually and justifiably relied on the unspecified misrepresentations or that it suffered any damages as a result.

Rather than pleading facts, Plaintiff simply offers a conclusory recitation of the elements of the cause of action. *See* Pet. ¶¶ 23–26; *e.g.*, ¶ 25 ("[e]ach Defendant made their false representations to Plaintiff with the intent that Plaintiff act on the representations."); ¶ 26 ("Plaintiff did rely on each Defendants' false representations made to Plaintiff and those false representations caused Plaintiff injury."). But this type of boilerplate pleading is not enough to survive a Rule 12(b)(6) motion; "[t]hreadbare recitals of the elements of a cause of action" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. For that reason, even if the lesser standard in Federal Rule 8(a)(2) applied, Plaintiff's fraud claim should still be dismissed.

### 2. *Plaintiff's fraud by nondisclosure claim does not identify a duty of disclosure and fails to satisfy the pleading requirements.*

Plaintiff's second cause of action is fraud by nondisclosure. Plaintiff alleges that "[a]ll Defendants, through MICHAEL COX concealed COX's criminal convictions of defrauding the government to the Plaintiff." Pet. ¶ 28. Plaintiff fails to state a proper claim for multiple independent reasons.

To start, a "defendant's failure to disclose information will support a claim for fraud only where the defendant has a duty to disclose." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1035 (5th Cir. 2010) (citing *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001)). "While there is no general duty to disclose, a duty to speak arises between non-fiduciaries when 'one party learns later that his previous affirmative statement was false or misleading.'" *Shandong*, 607 F.3d at 1035. Plaintiff alleges that Michael Cox did not disclose his felony conviction "prior to or during any negotiations between Plaintiff and MIAMI STEEL, in violation of state and federal law, as well as in violation of Plaintiff's City Charter." Pet. ¶ 14. But Plaintiff does not plead the "who, what, when and where" about this purported duty and failure to disclose. *See Burbank v. Compass Bank*, No. 1:15-CV-60, 2016 WL 3618691, at *4 (E.D. Tex. Mar. 29, 2016) (dismissing fraud by nondisclosure for failure to satisfy Rule 9(b)'s specificity requirements). As with its common law fraud claim, Plaintiff does not say when and where these discussions occurred or what Michael Cox supposedly said that gave rise to an actionable omission. Plaintiff also does not plead the supposed duty to disclose with specificity—Plaintiff does not say what state and federal laws were supposedly violated, nor does it identify the supposedly relevant language in the City Charter. Because Plaintiff does not plead its fraud by nondisclosure claim with the specificity required by Rule 9(b), the Court should dismiss it. *See id*.

Even if Rule 9(b) did not apply, Plaintiff's pleading would still be insufficient to state a claim. Again, Plaintiff recites the elements for the cause of action rather than pleading facts to show a plausible claim for relief. *See* Pet. at ¶¶ 28–33. For example, Plaintiff asserts that "Defendants each knew that Plaintiff was ignorant of this fact and that Plaintiff did not have an equal opportunity to discover this fact." *Id.* ¶ 30. Plaintiff provides no factual support whatsoever for this allegation. Plaintiff presumably conducts (or has access to) background checks that would disclose Michael Cox's conviction. Yet Plaintiff fails to explain why it did not have the opportunity to discover this public information itself. Plaintiff's recitation of the elements, without well-pleaded facts, is insufficient to state a claim for relief, and the Court can dismiss for that reason as well. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Finally, the few facts offered by Plaintiff contradict its claim for relief. For example, Plaintiff admits it never entered a contract with Miami Steel or any of the Defendants in this lawsuit. Pet. ¶ 21. Yet Plaintiff's claim for relief states the opposite: "Defendants each had a duty to disclose this material fact to the Plaintiff prior to and after executing a contract with Plaintiff." *Id.* ¶ 29. Allegations that are contradicted by other facts in a complaint are implausible on their face. *See Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012). Plaintiff's contradiction on this point renders its claim implausible. Moreover, since Plaintiff does not make allegations about Shana Cox, the claims against her can also be dismissed due to impermissible group pleading. *See Big Thirst*, 657 F. Supp. 3d at 926. For these reasons, the Court should dismiss the fraud by nondisclosure claim.

***3. Plaintiff's statutory fraud claim fails for multiple, independent reasons.***

Plaintiff's third cause of action is statutory fraud. Plaintiff alleges that it "was involved with transactions involving real estate with DELPHI and potentially with MIAMI STEEL," Pet. ¶ 35, so it appears to assert a claim under Section 27.01 of the Texas Business and Commerce Code.

"Under Texas law, statutory fraud based on a real estate transaction requires that (1) there was a transaction involving real estate; (2) the defendant made a false representation of a past or existing material fact; (3) the false representation was made for the purpose of inducing the plaintiff to enter into a contract; (4) the plaintiff relied on the false representation by entering into the contract; and (5) the reliance caused the plaintiff injury." *Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 820 (5th Cir. 2020) (citing Tex. Bus. & Com. Code § 27.01). Plaintiff's bare, conclusory allegations should be dismissed for the same reasons as its common law fraud and fraud by nondisclosure claims.

First, Plaintiff fails to plead the alleged fraudulent representations with particularity as required by Rule 9(b). *See Herrmann*, 302 F.3d at 564–65. Second, Plaintiff does not plead enough facts showing that it has a plausible claim to relief; Plaintiff again recites the elements of the cause of action. Pet. ¶¶ 35–37. Third, Plaintiff's factual allegations contradict its purported claim for relief. Specifically, Plaintiff admits that it never formed a contract with any of the Defendants, Pet. ¶ 21, but it still asserts a statutory fraud claim where the existence of a contract conveying real estate is a required element. Plaintiff's statutory fraud should therefore be dismissed. *See Strickland*, 838 F. App'x at 820 (affirming dismissal where plaintiffs "alleged no facts regarding a contract conveying real estate and failed to show a misrepresentation of material fact was made").

### C. Plaintiff's remaining claims are either deficient as a matter of law or too conclusory to state a claim (or both).

In addition to its deficient fraud claims, Plaintiff asserts various causes of action against either Michael Cox or both Cox Defendants. Like the fraud claims, these other causes of action suffer from multiple pleading infirmities. For the reasons explained below, the Court should dismiss these other claims as well.

### 1. *Plaintiff's gross negligence claim fails to identify a duty of care and fails to plead a sufficient factual basis.*

Plaintiff asserts a cause of action against the Cox Defendants for gross negligence, punitive damages, and exemplary damages. This cause of action echoes Plaintiff's fraud allegations: "all Defendants acted with knowledge and intent to use MICHAEL COX in order to perpetuate fraud against the United States and Texas governments," and all "Defendants knew or should have known about COX's prior acts of defrauding the United States government and COX's guilty plea and conviction(s) for such fraud." Pet. ¶ 63. Like Plaintiff's fraud allegations, this allegation fails to state a plausible claim and should therefore be dismissed.

Foremost, Plaintiff asserts a gross negligence claim against the Cox Defendants even though he does not include them as defendants in the negligence claim. *See* Pet. ¶ 68 (asserting negligence claim against Miami Steel only). Because Plaintiff has failed to plead negligence, it cannot bring a claim against the Cox Defendants for gross negligence as a matter of law. *See Charles v. K-Patents, Inc.*, No. 1:17-CV-339, 2018 WL 9869532, at *8 (E.D. Tex. Aug. 10, 2018); *see also Schouest*, 92 F. Supp. 3d at 613 (dismissing plaintiff's gross negligence claim after dismissing all predicate negligence claims). For this reason alone, the Court should dismiss Plaintiff's gross negligence claim against the Cox Defendants.

Further, Plaintiff's bare pleading does not include enough facts to state a plausible claim for gross negligence. Here, Plaintiff does not even recite the elements. Plaintiff instead offers a conclusory paragraph alleging that "each Defendant acted with full knowledge and intent of defrauding Plaintiff and her citizens through all the acts of MICHAEL COX," or alternatively, they "knew or should have known that MICHAEL COX had committed fraud against the government before and was capable of, if not certain to, defraud the government another time for monetary gain and/or to act in unlawful means to achieve monetary gain from the government."

*See id*. Such speculative allegations about what Michael Cox might do only illustrate the deficiencies in Plaintiff's Petition.

In particular, Plaintiff fails to identify any legal duty or the heightened elements required to show gross negligence. The elements of a negligence claim under Texas law are: "(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003) (citations omitted). Gross negligence is a heightened form of negligence. It requires both an objective awareness of "an extreme degree of risk, considering the probability and magnitude of the potential harm to others," and a subjective awareness by the actor of the risk involved, but the actor "nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others." *Charles*, 2018 WL 9869532, at *7 (citing Tex. Civ. Prac. & Rem. Code § 41.001(11)). A plaintiff must plead "specific facts" related to both objective and subjective awareness. *Id.* (citation omitted).

Plaintiff's gross negligence claim makes no effort to plead these elements. The "Gross Negligence" section of Plaintiff's Petition never once uses the term "duty." Pet. ¶¶ 62–63. As such, it not only fails to plead a duty, but it also fails to describe how that duty was breached, what damages supposedly occurred, and how there was proximate causation between the breach and damages. On top of that, Plaintiff does not allege that any act or omission by the Cox Defendants objectively involved an extreme degree of risk, nor that the Cox Defendants were subjectively aware of that risk but proceed with conscious indifference to the rights, safety, or welfare of others. Plaintiff simply lobs the accusation that the Cox Defendants knew or should have known about Michael Cox's conviction. But even accepting that as true, that allegation does not come close to the elements of a gross negligence action. *See Charles*, 2018 WL 9869532, at *7–*8 (faulting

plaintiff for multiple pleading deficiencies). In *Charles*, the court dismissed the gross negligence claim where the allegations plaintiff offered "appear[ed] to be nothing more than a bare bones recital of the elements of gross negligence." *Id.* at *8. Here, Plaintiff does not even attempt a bare bones recital. The Court should therefore dismiss.

Because Plaintiff does not state a proper claim for fraud or gross negligence, Plaintiff's claim for punitive damages and exemplary damages also fails. "Exemplary damages are authorized under the Texas Civil Practice and Remedy Code when the claimant proves by clear and convincing evidence that the harm [with respect to which the claimant seeks recovery] results from fraud, malice or gross negligence." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 735 (N.D. Tex. 2011) (quoting *Dillard Dep't Stores, Inc. v. Silva,* 148 S.W.3d 370, 373 (Tex. 2004) (per curiam)). When a plaintiff fails to plead an underlying claim that makes a plausible showing that the defendant acted fraudulently or with gross negligence, the plaintiff cannot recover exemplary damages, and their request for this remedy should be dismissed. *Id.* Because Plaintiff has not stated plausible claims for fraud or gross negligence, the Court should dismiss the claims for punitive damages and exemplary damages against the Cox Defendants.

Finally, Plaintiff's Petition does not make factual allegations about Shana Cox. Even if Plaintiff's allegations about Michael Cox sufficed for a gross negligence claim (and they do not), the Court should still dismiss the claims against Shana Cox for this separate reason.

**2. *Plaintiff's claim for tortious interference of business relationship fails as a matter of law.***

Plaintiff asserts tortious interference with a business relationship claim. Plaintiff states that "there was a reasonable probability that the Plaintiff would have maintained a business relationship with DELPH DC, LLC," and that the "Defendant(s) either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to

occur . . ." Pet. ¶¶ 39–40. To the extent that the term "Defendant(s)" includes the Cox Defendants, the Court should dismiss the claim.

To bring a claim for tortious interference with a business relationship, a plaintiff "must allege that (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result." *Nix v. MLB*, 62 F.4th 920, 934 (5th Cir.), *cert. denied*, 144 S. Ct. 165, 217 L. Ed. 2d 62 (2023). Plaintiff's claim fails as a matter of law because it does not plead any facts on the third element—it does not identify any independently tortious conduct.

"Independently tortious conduct is 'conduct [that] would be actionable under a recognized tort.'" *Id.* (quoting *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001)). "Conduct that is merely 'sharp' or unfair is not actionable and cannot be the basis for an action for tortious interference with prospective relations." *Id.* In *Nix*, the Fifth Circuit emphasized that threatening to pursue legitimate legal remedies is not tortious. *See id.* at 935. Moreover, "litigation is not 'wrongful' if instituted (1) in a bona fide exercise of the defendant's own rights or (2) pursuant to a good faith assertion of colorable legal rights." *BHL Boresight, Inc. v. Geo–Steering Solutions, Inc.*, No. 4:15–CV–00627, 2016 WL 8648927, at *11 (S.D. Tex. Mar. 29, 2016).

The sole basis for Plaintiff's tortious interference with a business relationship claim is threatened litigation. Accepting Plaintiff's well-pleaded facts as true, Plaintiff alleges that: (1) it signed a LOI with Delphi sometime in 2024 (Pet. ¶ 16); (2) in the months after the LOI was signed, Plaintiff discovered that Michael Cox was claiming to have an ownership interest in Delphi and

was threatening to sue Delphi if it continued its business relationship with Plaintiff (Pet. ¶ 17); and (3) Plaintiff terminated the LOI in October 2024 due to Michael Cox's threats of litigation against Delphi (Pet. ¶ 19). But that is not enough to state a claim; Plaintiff pleads no facts to suggest that this potential litigation was either illegitimate or not a good faith assertion of legal rights. For that reason, Plaintiff's claim does not identify any tortious conduct, and it should be dismissed. *See BHL*, 2016 WL 8648927, at *12 (dismissal is appropriate where plaintiff fails to allege bad faith in "instigating" the litigation).

Moreover, even if threatened litigation were enough to state a tortious interference with a business relationship claim (and it is not), Plaintiff does not plead sufficient facts for the other elements. Once again, Plaintiff simply recites the elements of the cause of action. *See, e.g.*, Pet. ¶ 42 ("The interference proximately caused the Plaintiff injury."); *id.* ¶ 43 ("The Plaintiff suffered actual damage or loss as a result."). But Plaintiff does not provide any well-pleaded facts for the Court to infer proximate cause. *See BHL*, 2016 WL 8648927, at *12 (explaining why dismissal is appropriate where tortious interference with a business relationship claim lacks clear allegations of proximate cause). Nor does Plaintiff provide any facts to establish sustained damages. *See id.* (finding that a conclusory statement alleging harm, actual damages, and loss of prospective contracts was insufficient to state a claim.). These pleading deficiencies provide multiple, independent reasons for the Court to dismiss Plaintiff's tortious interference with a business relationship claim. *BHL*, 2016 WL 8648927, at *11–12 (noting dismissal was appropriate for these reasons).

Finally, as argued above, Plaintiff makes no factual allegations whatsoever related to Shana Cox. While the Court should dismiss this claim against both Cox Defendants for multiple reasons, this is an additional reason for the Court to dismiss this claim with respect to Shana Cox.

### *3. Plaintiff's claim for tortious interference with contractual rights does not identify an enforceable contract subject to interference.*

Plaintiff also asserts a tortious interference with contractual rights claim. As the predicate for this claim, Plaintiff purports that: "The LOI between Plaintiff and DELPHI DC, LLC, was a valid contract subject to interference." Pet. ¶ 45. But letters of intent generally do not result in enforceable contracts. *See In re Absolute Res. Corp.*, 76 F. Supp. 2d 723, 733 (N.D. Tex. 1999) (citations omitted). While Plaintiff makes the conclusory allegation that the LOI was "contractually binding," it does not plead any facts that would allow the Court to infer that Plaintiff actually had a contract with Delphi, as opposed to a prospective business relationship. Pet. ¶ 16. For that reason, Plaintiff's Petition fails to state a valid claim for relief, and it should be dismissed.

Setting aside that deficiency, Plaintiff also does not plead the other elements. Again, Plaintiff only provides a threadbare recitation of the elements. *See* Pet. ¶ 46 ("The Defendant(s) willfully and intentionally interfered with the contract."); *id*. ¶ 47 ("One or more of the Defendants' interference proximately caused the Plaintiff's injury."). Even if the LOI with Delphi were a valid contract, Plaintiff does not plead any facts to explain how the "Defendant(s)" interfered with it or which Defendant supposedly was responsible, let alone facts that would allow the Court to infer that such interference was willful and intentional. Moreover, to "show proximate cause, a plaintiff must allege that the defendant took an active part in persuading a party to a contract to breach it." *BHL*, 2016 WL 8648927, at *9 (internal quotation marks omitted). Liability arises from specific acts of interference or persuasion for a party to breach. *See id.* But Plaintiff does not allege that Delphi breached the LOI (assuming it was a binding contract). Rather, Plaintiff alleges the opposite; Plaintiff admits it was the party that terminated the LOI. Pet. ¶ 19. Because Plaintiff does not set forth facts that allege how the Cox Defendants interfered with the LOI or persuaded Delphi to breach the LOI, or any damages associated with the claim, Plaintiff fails to allege the

elements required. *See BHL*, 2016 WL 8648927, at *9. Therefore, the Court should therefore dismiss Plaintiff's tortious interference with contractual rights claim against both Cox Defendants.

Finally, as with its tortious interference with a business relationship claim, Plaintiff makes no factual allegations related to Shana Cox. This deficiency is another reason for the Court to dismiss the tortious interference with contractual rights claim against Shana Cox.

#### *4. Plaintiff's business disparagement claims are conclusory and precluded by the judicial proceedings privilege.*

Plaintiff asserts a business disparagement claim against Michael Cox and another defendant who has not been served. The predicate for this claim is that they filed a lawsuit in Florida state court that supposedly included disparaging published words about the City of Sulphur Springs' City Manager.[1] Pet. ¶ 54. This claim should be dismissed for two independent reasons.

First, Texas recognizes a judicial proceedings privilege. "Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *Spark Connected, LLC v. Semtech Corp.*, 502 F. Supp. 3d 1131, 1137 (E.D. Tex. 2020) (quoting *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982)). "This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and ***any of the pleadings*** or other papers in the case." *Id.* (emphasis added). But the factual allegations in Plaintiff's Petition all appear to relate to what was alleged in the Florida lawsuit. *See* Pet. ¶¶ 20–21 (explaining the allegations in the lawsuit); *see also id.* ¶ 54 (identifying the allegations in the Florida lawsuit as

[1] It is unclear from the Petition whether the business disparagement claim is asserted against the two defendants who supposedly filed the Florida lawsuit, or whether it is meant to apply against all Defendants. To the extent this claim includes Shana Cox, it should also be dismissed as to her.

the disparaging words). Because Plaintiff's business disparagement allegations fall squarely within the judicial proceedings privilege, the Court should dismiss the claim for failure to plead a plausible claim for relief.

Second, even if the judicial proceedings privilege did not apply, Plaintiff still fails to plead enough facts to state a plausible business disparagement claim. The elements of a business disparagement claim are: "(1) publication by the defendant of the disparaging words, (2) falsity, (3) malice, (4) lack of privilege, and (5) special damages." *Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 WL 9478187, at *3 (N.D. Tex. Dec. 29, 2015). For the fifth element, proof of special damages "requires that the plaintiff establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales." *Id.* at *6 (citations omitted). Plaintiff's Petition recites the elements of this cause of action, such as "All of Defendants' disparaging words against CITY and Maxwell were false and were published by Defendants with malice and without any sort of privilege or justification." Pet. ¶ 54. But Plaintiff does not offer any well-pleaded facts for the Court to infer that the allegations in the Florida lawsuit were false and malicious. Like the plaintiff in *Teel*, Plaintiff simply makes "conclusory allegations, with no factual content to allow the court to draw reasonable inferences," and its claim should be dismissed. *See id.* at *6.

***5. Plaintiff's malicious prosecution and abuse of process claims are deficient.***

Plaintiff also asserts malicious prosecution and abuse of process claims against Michael Cox related to the Florida lawsuit.[2] Pet. ¶ 56. Like the business disparagement claim, these claims do not state a plausible claim for relief.

---

[2] Like the business disparagement claim, the Petition is unclear whether these claims are meant to apply against all Defendants. To the extent this claim includes Shana Cox, it should also be dismissed as to her.

"To prevail in a suit alleging malicious prosecution of a civil claim, the plaintiff must establish: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). Further, a "plaintiff must suffer a special injury before recovering for malicious prosecution of a civil case." *Id.* at 208. "The mere filing of a lawsuit cannot satisfy the special injury requirement," and it "is insufficient that a party has suffered the ordinary losses incident to defending a civil suit, such as inconvenience, embarrassment, discovery costs, and attorney's fees." *Id.* at 208–09. Instead, there "must be some physical interference with a party's person or property in the form of an arrest, attachment, injunction, or sequestration." *Id.* at 209.

Plaintiff's conclusory allegations do not set forth the requisite elements for a malicious prosecution claim. As discussed in the previous section, Plaintiff does not plead facts for the Court to infer that the Florida lawsuit was malicious and lacked probable cause. But Plaintiff's Petition also omits any factual basis for the final two elements. Plaintiff does not say whether the Florida lawsuit has ended. Nor does Plaintiff say whether that lawsuit terminated in Plaintiff's favor. Likewise, Plaintiff does not plead any facts to establish that it suffered a special injury. Instead, Plaintiff's malicious prosecution claim derives entirely from the "mere filing" of the Florida lawsuit—which is insufficient under Texas law. *See id.* at 208–09. Because of these defects, the malicious prosecution claim does not state a plausible claim for relief, and it should be dismissed.

Plaintiff couples an abuse of process claim with its malicious prosecution claim. Plaintiff asserts that its City Manager was served "with the Florida suit by process server in Texas," Pet. ¶ 56, and purports that such service was tortious. Importantly, "abuse of process consists not in the

filing and maintenance of a civil action, but rather in the perversion of some process issued in the suit after its issuance." *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2652933, at *18 (W.D. Tex. June 28, 2021) (citation omitted). That said, "mere maintenance of a civil action" does not support a claim for abuse of process. *Id.* at *18–19 (citation omitted). In the *Cantu* case, the court granted a motion to dismiss where the "only process used . . . was for its intended purpose of compelling [the defendant] to file an answer to the lawsuit." *Id.* at *19. Here, Plaintiff makes the same allegation, asserting an abuse of process claim even though process was only used for its intended purpose of notifying the City Manager that he was a defendant in a lawsuit. *See* Pet. ¶¶ 57–58. For that reason, the Court should apply the same reasoning as in *Cantu* and dismiss the abuse of process claim.

#### ***6. Plaintiff's civil conspiracy and joint enterprise claims fail for multiple reasons.***

Finally, Plaintiff asserts two derivative torts against the Cox Defendants: civil conspiracy and joint enterprise. For its civil conspiracy claim, Plaintiff simply offers a boilerplate recitation of the elements. Pet. ¶¶ 48–52; *see also, e.g.*, ¶ 50 ("All Defendants' membership and object in joining in their acts against Plaintiff were to accomplish unlawful purposes and/or lawful purposes by unlawful means."). Because these conclusory allegations are unsupported by any well-pleaded facts that "show a meeting of the minds, a desire from [defendants] to accomplish the purported goal, or their unlawful acts," the civil conspiracy claim should be dismissed. *See Big Thirst*, 657 F. Supp. 3d at 926.

Plaintiff offers a similar recital of the elements for its joint enterprise claims. Pet. ¶ 60 (joint enterprise against Michael Cox, Shana Cox, and Miami Steel); ¶ 61 (joint enterprise against Michael Cox and Darren Hallman). These threadbare recitals of the elements do not state plausible claims for relief, and the Court should therefore dismiss these claims. *See Iqbal*, 556 U.S. at 678;

*see also Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177, at *7 (E.D. Tex. Oct. 2, 2012) (dismissing vicarious liability claim based on joint enterprise or respondeat superior for failure to plead facts that "rise above the speculation level").

Finally, setting aside Plaintiff's pleading deficiencies, Plaintiff cannot pursue derivative claims against the Cox Defendants because Plaintiff's underlying substantive claims all fail. "In Texas, civil conspiracy is not an independent cause of action. Rather, it is a derivative tort by which [plaintiff] can hold one conspiracy participant liable for the torts committed by another participant if the torts were committed in furtherance of an unlawful conspiracy." *Berry v. Lee*, 428 F. Supp. 2d 546, 561–62 (N.D. Tex. 2006) (citations omitted). Likewise, "[j]oint enterprise is a theory involving derivative liability whereby one enterprise participant may be held responsible for a cause of action proven against another participant." *In re Tex. Dept. of Transp.*, 218 S.W.3d 74, 78 (Tex. 2007). For the above reasons, all of Plaintiff's other claims suffer from pleading defects that warrant dismissal. As such, Plaintiff does not have a predicate tort on which to base its derivative claims, so they should be dismissed for that separate reason. *See Berry*, 428 F. Supp. 2d at 562.

## IV. CONCLUSION

For these reasons, the Cox Defendants respectfully ask the Court to grant their Motion to Dismiss Plaintiff's Petition for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Although leave to amend should be freely granted, leave is not required where a plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Given the numerous pleading deficiencies identified by this motion, leave to amend should be denied as futile, and the Court should dismiss Plaintiff's claims against the Cox Defendants with prejudice. The Cox Defendants respectfully request all relief to which they may be entitled.

Dated: December 12, 2025

Respectfully submitted,

**VARTABEDIAN HESTER & HAYNES LLP**

By: */s/ Richard B. Roper*
Richard B. Roper
Texas Bar No. 01723370
richard.roper@vhh.law
Richard J. Guiltinan
Texas Bar No. 24074332
richard.guiltinan@vhh.law
2200 Ross Avenue, Suite 4600E
Dallas, Texas, 75201
Phone: 469.654.1340
Fax: 817.214.4988

**COUNSEL FOR DEFENDANTS MICHAEL COX AND SHANA COX**

## CERTIFICATE OF SERVICE

I certify that on December 12, 2025, I served a copy of the Cox Defendants' Motion to Dismiss Under Rule 12(b)(6) and proposed order on counsel for Plaintiff City Sulphur Springs. Pursuant to Rule 5(b), I mailed a copy to Nate Smith, 300 Oak Avenue, Sulphur Springs, TX 75482, and my colleague Richard Guiltinan emailed a copy to nate@smithandsmithlaw.com and psmith300@hotmail.com (the email addresses in the ECF system for Plaintiff's counsel).

*/s/ Richard B. Roper*
Richard B. Roper